UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LIONEL PAUL BOUDREAUX, III (STORMY), WARREN "SCOTT" WRAY, STEVEN "STEVE" TODD WRAY individually and as representatives and/or heirs of the ESTATE OF LANA JO BOUDREAUX, <br><br> Plaintiffs, <br><br> v. <br><br> CORIUM INTERNATIONAL, INC., ACTAVIS, INC., and ACTAVIS SOUTH ATLANTIC, LLC, <br><br> Defendants. | § § § § § § § § § § § § § § § § | Civil Action No. 3:12-cv-2644-M |

## MEMORANDUM OPINION AND ORDER

Before the Court are the Motions to Dismiss Plaintiffs' Deceptive Trade Practices Act ("DTPA") claims under Federal Rule of Civil Procedure 12(b)(6), filed by Defendant Corium International, Inc. ("Corium") [Docket Entry #29] and Defendants Actavis, Inc. and Actavis South Atlantic, LLC (collectively, "Actavis") [Docket Entry #30]. For the reasons set forth below, the Motions are **GRANTED**. Plaintiffs' DTPA claims against Defendants Corium and Actavis are **DISMISSED** with prejudice.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 22, 2012, Lionel Paul "Stormy" Boudreaux, III, Warren "Scott" Wray, and Steven "Steve" Todd Wray (collectively, "Plaintiffs"), individually and as representatives and/or heirs of the Estate of Lana Jo Boudreaux ("Mrs. Boudreaux"), filed their First Amended Complaint [Docket Entry #15]. Plaintiff Stormy Boudreaux, III is the surviving spouse of Mrs.

Boudreaux, and Plaintiffs Scott Wray and Steve Wray are her surviving sons. At this Rule 12(b)(6) stage, the Court accepts Plaintiffs' factual allegations as pled in their Complaint as true. According to Plaintiffs, Mrs. Boudreaux took fentanyl transdermal system patches for pain relief related to blisters resulting from treatment for salivary gland cancer. *Pls.' Amended Compl.* at ¶¶ 13–15. These patches were manufactured by Corium and distributed by Actavis. *Id.* at ¶ 14. On August 4, 2010, after using a patch, Mrs. Boudreaux went to sleep and never woke up. *Id.* at ¶ 15. Mrs. Boudreaux suffered hypoxic damage to her brain and died from complications on December 18, 2010. *Id.* at ¶ 15–16. Plaintiffs assert that the cause of her death was a defective fentanyl transdermal patch, and claim strict product liability, negligence, violations of the implied warranty of merchantability, and violations of the DTPA. *Id.* at ¶ ¶ 19–23.

In their Motion, Defendants argue that Plaintiffs lack standing to assert DTPA claims, and, that in any case, the DTPA generally does not give rise to claims for bodily injury, death, and mental anguish. Plaintiffs' DTPA claims are based solely on the status of Mrs. Boudreaux as a consumer. Thus, the threshold issue before the Court is whether a DTPA claim survives the death of the consumer.

## II.   STANDARD

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005)

(citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### III. ANALYSIS

Defendants claim that Plaintiffs, as representatives of Mrs. Boudreaux's estate, lack standing to assert DTPA claims because such claims do not survive the death of the consumer. *Defs.' Mot.* at 3. The Texas Supreme Court has not provided definitive guidance on this issue, and Texas appellate courts are split. *Compare Texas Farm Bureau Mut. Ins. Co. v. Rogers*, 351 S.W.3d 103, 107 (Tex. App.—San Antonio 2011, pet. denied), *Lukasik v. San Antonio Blue Haven Pools, Inc.*, 21 S.W.3d 394, 403 (Tex. App.—San Antonio 2000, no pet.), *and March v. Thiery*, 729 S.W.2d 889, 896 (Tex. App.—Corpus Christi 1987, no writ) (holding that DTPA claims do not survive the death of the consumer), *with Thomes v. Porter*, 761 S.W.2d 592 (Tex. App.—Ft. Worth 1988, no writ), *and Mahan Volkswagen v. Hall*, 648 S.W.2d 324, 332–33 (Tex. App.—Houston [1st Dist.], 1982, writ ref'd n.r.e.) (holding that DTPA claims survive the death of the consumer). [1]

Because the Texas Supreme Court has not decided the issue of survivability and there is no consensus among the intermediate appellate courts, pursuant to *Erie R. Co. v. Tompkins*, 304

---

[1] In 1984, in *Shell Oil Co. v. Chapman,* 682 S.W.2d 257 (Tex. 1984), the Texas Supreme Court expressly "reserve[d] to another day discussion of survival of DTPA damages." *Id.* at 259. In 1992, the Fifth Circuit certified the question of the survivability of a DTPA cause of action to the Texas Supreme Court. *Wellborn v. Sears, Roebuck & Co.*, 970 F.2d 1420, 1427 (5th Cir. 1992). While the Court agreed to answer the certified question, the parties settled before it could. 35 Tex. Sup. Ct. J. 1171; *Lukasik v. San Antonio Blue Haven Pools, Inc.*, 21 S.W.3d 394, 405 (Tex. App.—San Antonio 2000, no pet.). Thus, the question remains unanswered.

U.S. 64 (1938), this Court must guess how the Texas Supreme Court would decide this issue. *See Am. Int'l Specialty Lines Ins. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003). The Court begins its analysis the same way Texas appellate courts have—by focusing on the nature of the remedies afforded by the DTPA and whether a DTPA claim is assignable.

The DTPA was enacted by the Texas legislature as an amalgam of common law fraud, contracts, and tort claims. *First Nat'l. Bank of Kerrville v. Hackworth*, 673 S.W.2d 218, 221 (Tex. App. —San Antonio 1984, no writ). The statute does not explicitly provide for the survivability of a consumer's cause of action. Where a statute fails specifically to address the survivability of a cause of action, the common law provides guidance. *Id.*; *Thomes v. Porter*, 761 S.W.2d 592, 594 (Tex. App. —Ft. Worth 1988, no writ). The *Hackworth* Court recognized the basic rule under the common law that actions primarily affecting property and property rights survived the death of the aggrieved party whereas actions asserting purely personal rights did not. *Hackworth*, 673 S.W.2d at 220. The right to recover punitive damages is a personal right and an award of treble damages and attorney's fees, available under the DTPA, is clearly punitive in nature. *Id.* Based on that analysis, an action under the DTPA involves personal rights that, under the common law, do not survive the death of the consumer. *Id.*

The same conclusion would be reached by an assignability analysis. "Texas courts have explained that where a statute fails to specify whether claims are survivable, 'the test most commonly used to determine survivability is whether or not the cause of action may be assigned.'" *Launius v. Allstate Ins. Co.*, No. 06-0579, 2007 WL 1135347, at *5 (N.D. Tex. Apr. 17, 2007) (quoting *Lindsay ex rel. Lindsay v. S. San Antonio Indep. Sch. Dist.*, 983 S.W.2d 778, 779 (Tex. App.—San Antonio 1998, no pet.)). In *PPG Indus., Inc. v. JMB/Houston Centers Partners Limited Partnership*, the Texas Supreme Court resolved a split in the Texas appellate

courts and held that DTPA claims are not assignable. 146 S.W.3d 79, 92 (Tex. 2004). The Court reasoned that the DTPA's goal is to encourage the filing of consumers' own complaints, an aim which would be defeated if non-consumers were allowed to file such claims. *Id.* at 84–85. The Court also held that "the personal and punitive aspects of DTPA claims cannot be squared with a rule allowing them to be assigned as if they were mere property." *Id.* at 82. Stated differently, the Texas Supreme Court's holding in *PPG Industries* stands for the proposition that actions to vindicate personal rights terminate with the death of the aggrieved party. In light of the Texas Supreme Court's holding that DTPA claims generally cannot be assigned, in part because these claims are personal and punitive in nature, it follows that such claims do not survive the death of the consumer. This Court is of the opinion that the Texas Supreme Court, if faced with this issue, would find that a consumer's cause of action under the DTPA does not survive the death of the consumer and cannot be brought by a representative of the consumer's estate, in a representative capacity or in an individual capacity, based on the consumer status of the decedent.

The Court notes that the Texas appellate court cases upon which Plaintiffs rely, in which the courts ruled that DTPA claims survived a consumer's death, predate the Texas Supreme Court's 2004 decision in *PPG Industries*. Indeed, this district has confronted this question at least three times after the *PPG Industries* decision, and each time, after noting the split of authority among the intermediate appellate courts, the court nonetheless held that DTPA claims do not survive the death of the consumer. *See Lofton v. McNeil Consumer & Specialty Pharm.*, 682 F. Supp. 2d 662, 680 (N.D. Tex. 2010) (Lindsay, J.); *Launius¸* 2007 WL 1135347, at *6 (Boyle, J.); *Kirby v. B.I., Inc.*, No. 98-1136, 2003 U.S. Dist. LEXIS 16964, at *45 (N.D. Tex. Sept. 26, 2003) (Means, J.). *See also McCoy v. Pfizer, Inc.*, No. 4:09-cv-496, 2010 U.S. Dist.

LEXIS 87579, at *12–14 (E.D. Tex. Aug. 3, 2010) (adopting the *Launius* opinion and holding that a DTPA claim did not survive the death of the consumer). This Court finds the reasoning in these cases persuasive and joins them in concluding that DTPA claims do not survive the death of the consumer. Accordingly, any claims that Mrs. Boudreaux might have asserted against Defendants under the DTPA were extinguished upon her death.[2]

### IV. CONCLUSION

Defendants' Motions to Dismiss Plaintiffs' DTPA claims are **GRANTED**, and the DTPA claims are **DISMISSED** with prejudice.

**SO ORDERED.**

Dated: May 7, 2013.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[2] In light of the Court's conclusion that such claims do not survive the death of the consumer, the Court need not reach the issue of whether a personal injury or mental anguish claim could be pursued under the DTPA.